513 So.2d 217 (1987)
Jerry Wayne HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. BS-401.
District Court of Appeal of Florida, First District.
September 23, 1987.
*218 Michael Allen, Public Defender, and P. Douglass Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Beverly Berry, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant raised a single issue in his initial brief: Whether the probation order is illegal. Instead of filing an answer brief, the state filed a motion to relinquish jurisdiction for purposes of correcting appellant's sentence. The motion did not allege that the appeal would be mooted by the proceedings which would be conducted below, nor did it admit that the only error raised by appellant would be corrected by the proceeding. The motion did suggest that judicial time and resources would be conserved by the process.
The motion was granted by administrative order, and jurisdiction was relinquished for 20 days for the purpose of correcting appellant's sentence. After the expiration of 20 days, state filed a motion for extension of time of the order relinquishing jurisdiction because the matter had not been timely presented to the trial court. Time was extended and additional 10 days, again by administrative order.
State now moves for an additional extension of time. This motion states that while an order was entered by the trial court, not all of the errors were corrected.
It appears that relinquishing jurisdiction for purposes of correcting the only error raised by an appellant is not a process which necessarily conserves judicial time and resources, and we decline to further extend the time for exercise of the trial court's jurisdiction. The state has implicitly admitted that appellant's sentence is illegal, and requires reversal. In the future, counsel for the state shall either file a responsive brief, or shall notify the court that the state is in agreement that the error raised by appellant is meritorious. This court will no longer look favorably on motions to relinquish jurisdiction for proceedings intended to correct the only issue raised by an appellant.
Accordingly, the order of probation is vacated, and this cause is remanded for correction of the probation order.
MILLS, ERVIN and NIMMONS, JJ., concur.